**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **RASSAN M. TARABEIN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )    **CIV. ACT. NO. 1:24-cv-274-TFM-MU** |
| | ) |
| **JUDGE WILLIAM E. SCULLY,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

<u>**MEMORANDUM OPINION AND ORDER**</u>

On January 31, 2025, the Magistrate Judge entered a Report and Recommendation which recommends this case be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).  *See* Doc. 12.  On February 24, 2025, Plaintiff filed objections.  *See* Doc. 13.  The Report and Recommendation is now ripe for review.

Plaintiff objects stating that Judge Scully acted outside his jurisdiction.  He argues that Judge Scully falsified jurisdictional evidence and acted unlawfully.  He further requests an evidentiary hearing.  Plaintiff makes no comment about the Recommendation as to the other defendants.  Ultimately, Plaintiff's objections as to Judge Scully fail.

Subsequently, on May 8, 2025 Plaintiff sent a document entitled "Motion to Withdraw Complaint Temporarily Without Prejudice" (Doc. 17) which was received by the Court on May 12, 2025.  In the motion, Plaintiff states he is currently unable to dedicate the time, effort, resources to this case.  He also expressly reserves the right to refile or reopen this case at a future date of his choosing.  He concludes with a request that the Court grant the motion and administratively close the case without prejudice, allow him to reopen or refile the action at his discretion, and

acknowledge that this withdrawal in no way constitutes a concession of the legality or propriety of Defendant's actions. *Id*.

The Rules of Civil Procedure permit a plaintiff to voluntarily dismiss an action without an order of the court "by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment" or "a stipulation signed by all parties who have appeared." FED. R. CIV. P. 41(a)(1)(A). A request to dismiss an action requires a court order and dismissal by terms the court considers "proper" if Fed. R. Civ. P. 41(a)(1) does not apply. FED. R. CIV. P. 41(a)(2).

Plaintiff does not cite under what rule he seeks dismissal. Though there has not been an answer or motion for summary judgment filed, Plaintiff did not file a Notice of Dismissal under Rule 41(a)(1). Rather it is clearly filed as a motion and requests permission from the Court. Therefore, the Court declines to construe a motion as a notice and therefore considers the motion as one under Rule 41(a)(2).

When considering the Plaintiff's motion to dismiss under Rule 41(a)(2), the Court notes that the Report and Recommendation was fully submitted with objections. Plaintiff was aware that the Magistrate Judge had recommended dismissal with prejudice under 28 U.S.C. § 1915(e)(2)(B). Moreover, he still filed his updated motions to proceed *in forma pauperis* on May 9 and May 12. *See* Docs. 16, 18. Therefore, even with his request to administrative close the case or permit refiling later, he is still subject to review under § 1915(e)(2)(B). That puts this case right back to where it was prior to the recent dismissal request. Therefore, the Court **DENIES** the "Motion to Withdraw Complaint Temporarily Without Prejudice" (Doc. 17) and proceeds with ruling on the Report and Recommendation.

Having reviewed Plaintiff's objections, the Court finds that they are **OVERRULED**.

Therefore, after due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of this Court.  Accordingly, this case is **DISMISSED with prejudice**.

A separate judgment will issue pursuant to Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 21st day of May, 2025.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE